IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

| | |
|---|---|
| HOWARD ENTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03-2512 Ml/ ) |
| THE CITY OF MEMPHIS, et al., | ) ) |
| Defendants. | ) ) ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND STATE CLAIM

This case is before the Court on Plaintiff's Motion to Remand, filed August 5, 2003. Defendants responded in opposition on August 19, 2003, to which Plaintiff replied on September 5, 2003. For the following reasons, the Court GRANTS Plaintiff's motion.

I.   **Background**

In this case, Plaintiff challenges a Resolution adopted by the Memphis City Council that would appropriate $300,000 of the City's funds to renovate two churches that are claimed to have historical significance in the community. Plaintiff challenges the Resolution under the United States and Tennessee Constitutions. Plaintiff seeks a declaratory judgment and a permanent injunction prohibiting Defendants from appropriating or transferring City funds to Clayborne Temple Church and First Baptist Beale Church.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 3-31-04

The Court previously entered separate orders in this case denying Defendants' motion to dismiss on the grounds of ripeness and granting Plaintiff's request for a preliminary injunction to prevent the City of Memphis from disbursing funds to First Baptist Church Beale Street or Clayborn-Ball Temple A.M.E. during the pendency of this litigation.

Plaintiff now asks the Court to remand the issues of Tennessee Constitutional law to the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis based on the doctrine of abstention articulated in <u>Railroad Commission of Texas v. Pullman</u>, 312 U.S. 496 (1941).

## II. Analysis

Where a district court is presented with both unsettled state law and federal constitutional questions, the Supreme Court's decision in <u>Pullman</u> allows a district court to abstain from ruling on the federal constitutional question "if a definitive ruling on the state issue would terminate the controversy." 312 U.S. at 498. The bases for this decision were threefold. The Supreme Court expressed a desire to "avoid the waste of a tentative decision" on an unsettled question of state law, where a federal court's decision could be supplanted by a later state court ruling. <u>Id.</u> at 500. It also sought to prevent "premature constitutional adjudication" of federal constitutional questions. <u>Id.</u> Finally, the Court stressed the need to avoid

2

friction between state and federal courts. Id. at 500-01.

This Court is convinced that remanding the state law claim to the Tennessee courts satisfies each of the concerns enumerated in Pullman. If the Tennessee courts determine that the Resolution and appropriation of funds by the Memphis City Council violates Article I, Section 3 of the Tennessee Constitution, there will be no need for this Court to render a ruling as to whether the Resolution and appropriation of funds complies with the requirements of the United States Constitution. "'[W]hen the state court's interpretation of [a] statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.'" Reetz v. Bozanich, 397 U.S. 82, 85 (1970), quoting City of Meridian v. S. Bell Tel. & Tel. Co., 358 U.S. 639, 641 (1959).

Furthermore, any decision by this Court on a question of Tennessee constitutional law could be superseded by a later ruling from a Tennessee court. Remanding the claim to state court will permit the Tennessee courts an opportunity to answer any state law questions, without the possibility of an incorrect ruling from this Court. The Court finds the rationale of Reetz v. Bozanich, 397 U.S. at 87, particularly applicable on this point. In Reetz, the plaintiff presented a challenge to Alaskan

3

fishing laws and regulations under both the Alaska Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. 397 U.S. at 83-84. The Alaska Constitution contained provisions speaking to the use of fish, wildlife, and waters. Id. at 84. These provisions had never been interpreted by an Alaska court. Id. at 86. The Supreme Court recognized that "the nub of the whole controversy may be the state constitution" and that it was a "matter of great state concern." Id. at 87. Therefore, it concluded that the federal court "should have stayed its hand while the parties repaired to the state court for a resolution of their state constitutional questions." Id.

The need for a decision from the Tennessee courts is particularly acute in this case because Article I, Section 3 of the Tennessee Constitution concerning freedom of worship contains significantly different language than the corresponding First Amendment to the United States Constitution. The Tennessee Constitution states:

> **Freedom of Worship.** - That all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience; that no man can of right be compelled to attend, erect, or support any place of worship, or to maintain any minister against his consent; that no human authority can, in any case whatever, control or interfere with the rights of conscience; and that no preference shall ever be given, by law, to any religious establishment or mode of worship.

4

Tenn. Const. art. I, § 3.

The First Amendment to the United States Constitution provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

It appears that no Tennessee court has passed upon whether the Tennessee Constitution prevents a city, state, or local government from expending funds collected through taxes to repair a place of worship that claims historical significance. As in Reetz, this Court should abstain from rendering a decision until the Tennessee courts have an opportunity to answer such an important state constitutional question.

Defendants argue in opposition that this Court should retain jurisdiction over the entirety of this case because Article I, Section 3 of the Tennessee Constitution is parallel to the First Amendment to the United States Constitution. Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 237 n.4 (1984) (finding that "abstention is not required for interpretation of parallel state constitutional provisions"). However, as noted above, Article I, Section 3 of the Tennessee Constitution contains markedly different language than the First Amendment, particularly with respect to the provision stating "that no man can of right be compelled to attend, erect, or support any place of worship, or to maintain any minister against his consent." Moreover, the

assertion that the religion provisions of the state and federal constitutions should be interpreted differently is buttressed by statements of the Tennessee Supreme Court, which has noted that "the language of [Article I, Section 3 of the Tennessee Constitution], when compared to the guarantee of religious freedom contained in the federal constitution, is a stronger guarantee of religious freedom." Planned Parenthood of Middle Tenn. v. Sundquist, 38 S.W.3d 1, 13 (Tenn. 2000), citing Carden v. Bland, 288 S.W.2d 718, 721 (Tenn. 1956). See also State ex rel Comm'r of Transp. v. Medicine Bird, 63 S.W.3d 734, 761 (Tenn. Ct. App. 2001) (concluding that the "prohibition against governmental establishment of religion" contained in Article I, Section 3 of the Tennessee Constitution provides broader protection than the First Amendment of the United States Constitution).

Defendants also maintain that federal case law is applicable to the interpretation of Article I, Section 3 of the Tennessee Constitution, that there are numerous Tennessee decisions interpreting the provision, and that the federal courts have previously considered and interpreted the provision without abstention. Therefore, Defendants argue, the Court can interpret Article I, Section 3 without assistance from the Tennessee courts. However, Defendants' assertion that numerous Tennessee courts have discussed Article I, Section 3 is belied by the

6

Tennessee Court of Appeals' own statement that "Tennessee's constitutions have contained Religion Clauses ever since the earliest days of statehood. Despite their importance, these clauses have received relatively little judicial scrutiny." Martin v. Beer Bd., 908 S.W.2d 941, 946 (Tenn. Ct. App. 1995).

Furthermore, among the opinions Defendants have cited that discuss Article I, Section 3, none discusses or interprets the second phrase, i.e. "that no man can of right be compelled to attend, erect, or support any place of worship, or to maintain any minister against his consent", which Plaintiff clearly puts at issue in this case.[1] Cases such as Martin, 908 S.W.2d at 949-50, and Brooks v. City of Oak Ridge, 222 F.3d 259, 267 (6th Cir. 2000), cited by Defendants, unmistakably considered the fourth phrase in Article I, Section 3 providing "that no preference shall ever be given, by law, to any religious establishment or mode of worship." The Tennessee courts should certainly be presented with the first opportunity to review the second phrase of Article I, Section 3.

Plaintiff also presents a claim derived from the fourth phrase that the Memphis City Council's Resolution inappropriately gives a preference to a religious establishment. However,

---

[1] Plaintiff's Complaint argues that the Memphis City Council's Resolution "is or amounts to the erection or support of a place of worship or the maintenance of a minister, acts prohibited by the Constitution of the State of Tennessee." (Compl. ¶ 13.)

7

despite Defendants' citation to state and federal cases interpreting this fourth phrase, the Court is also concerned that interpretation of this provision is not entirely settled. Defendants argue that the Tennessee courts interpret this provision in a similar manner as the Establishment Clause of the First Amendment, adopting the test set forth in Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971), as supplemented by the "endorsement analysis" advocated by Justice O'Connor. Martin, 908 S.W.2d at 950-51. Yet as noted above, the Tennessee Supreme Court has stated that the Tennessee Constitution provides broader protection than the United States Constitution. Planned Parenthood of Middle Tenn., 38 S.W.3d at 13. Both the Tennessee Court of Appeals and the Sixth Circuit have remarked that the Tennessee Supreme Court has yet to provide any guidance as to the differences between the federal and state constitutions' respective protection of religion. Medicine Bird, 63 S.W.3d at 761 ("While the Court has characterized Tenn. Const. art. I, § 3 as 'substantially stronger' than the Religion Clauses in the First Amendment, it has not, as yet, explained directly how the degree of protection of religious liberties afforded by Tenn. Const. art. I, § 3 differs from the First Amendment's protections."); Brooks, 222 F.3d at 267 ("Although the Tennessee Constitution guarantees a stronger free exercise right than the federal Constitution, see Martin, 908 S.W.2d at 946, [the

8

plaintiff] has pointed to no judicial decisions construing the Tennessee Constitution's Article I, § 3 as providing for greater separation of church and state than the federal Establishment Clause."). If a court is to pass upon the breadth of religious protection afforded by the Tennessee Constitution, it should be a Tennessee state court.

Finally, it is worth reiterating that none of the Tennessee cases cited by Defendants answers the question before this court, that is, whether Article I, Section 3 of the Tennessee Constitution prevents the Memphis City Council from expending tax funds to be used for the repair of these houses of worship. For all of these reasons, the Court believes it is appropriate to remand the Tennessee constitutional claim to state court.

### III. Conclusion

The Court GRANTS Plaintiff's motion to remand. The Court hereby REMANDS Plaintiff's claim under Article I, Section 3 of the Tennessee Constitution to the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis. In accordance with England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421-22 (1964), the Court retains jurisdiction over Plaintiff's claims that Defendants have violated the First and Fourteenth Amendments to the United States Constitution, but STAYS this action pending resolution of the state constitutional claim in Tennessee state court. The Clerk's office is DIRECTED

9

to administratively close this case during the pendency of the stay. If the Tennessee state courts resolve the case in Plaintiff's favor, then no further action by this Court will be necessary. If the state courts resolve the Tennessee constitutional issues in Defendants' favor, then it will be appropriate to proceed with the presentation of the federal constitutional questions in this forum. At that point, Plaintiff should file a motion to immediately to reopen the case for further proceedings.

So ORDERED this 30th day of March, 2004.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:03-CV-02512 was distributed by fax, mail, or direct printing on March 31, 2004 to the parties listed.

---

Duncan E. Ragsdale
LAW OFFICE OF DUNCAN E. RAGSDALE
100 N. Main Street
Ste. 2340
Memphis, TN 38103

Allan J. Wade
BAKER DONELSON BEARMAN & CALDWELL
2000 First Tennessee Bldg.
Memphis, TN 38103

Lori Hackleman Patterson
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

Allan J. Wade
ALLAN J. WADE, PLLC.
119 S. Main St.
Ste. 700
Memphis, TN 38103

J. Martin Regan
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
One Commerce Square
40 S. Main St.
Ste. 2900
Memphis, TN 38103

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
Shelby County Courth
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Tu M. Pham
U.S. MAGISTRATE JUDGE
167 N. Main
Rm. 934
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT